JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID J., an Individual, | Case No.: 2:22-04941-MCS (ADS) |
| Plaintiff, | |
| v. | ORDER DISMISSING CASE FOR FAILURE TO PROSECUTE AND COMPLY WITH COURT ORDERS |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, et al., | |
| Defendants. | |

I.  **INTRODUCTION**

Pro se Plaintiff David J.[1] ("Plaintiff") filed this civil lawsuit seeking review of a decision of the Commissioner of Social Security denying Plaintiff's application for disability benefits.  Plaintiff filed his Complaint on July 18, 2022.  Since that date,

---

[1] Plaintiff's name has been partially redacted in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

-1-

Plaintiff has been given several opportunities to move forward with his lawsuit and has continuously failed to do so. As such, this case is dismissed in its entirety for failure to prosecute and comply with Court orders pursuant to Federal Rule of Civil Procedure 41(b).

## II.     PROCEDURAL HISTORY

Plaintiff filed his Complaint against Andrew Saul on July 18, 2022. (Docket "Dkt." No. 1.) The Court denied Plaintiff's initial *In Forma Pauperis* ("IFP") request and ordered Plaintiff to file an amended complaint to establish subject matter jurisdiction. (Dkt. No. 4.) In response, Plaintiff filed a First Amended Complaint against Defendant Kilolo Kijakazi, Acting Commissioner of the Social Security Administration ("Defendant") on August 8, 2022. (Dkt. No. 5.) On August 12, 2022 the Court issued an Order to Show Cause as to why this case should not be dismissed for failure to state a claim, as the First Amended Complaint failed to cure the deficiencies regarding subject matter jurisdiction. (Dkt. No. 6.) Plaintiff did not respond to the August 12, 2022 Order to Show Cause. On October 26, 2022, the Court, on its own motion, vacated its initial order denying Plaintiff's IFP application, and granted Plaintiff IFP status. (Dkt. No. 7.)

The Court then issued a Case Management Order ("CMO") in this case. (Dkt. No. 9.) The CMO required Plaintiff to file a proper proof of service by November 25, 2022. (Id. at 2.) Plaintiff did not do so. On January 31, 2023, the Court issued an Order to Show Cause for Failure to Prosecute requiring Plaintiff to explain why this case should not be dismissed for failure to prosecute. (Dkt. No. 10.) Plaintiff was ordered to respond by no later than February 14, 2023. Finally, Plaintiff was advised:

>Failure to timely file a response to this OSC with the Court, as directed above, may result in this action being dismissed for failure to prosecute and obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).

(Id. at 2.) Plaintiff has failed to file any response to the January 31, 2023 Order.

### III. DISMISSAL UNDER RULE 41(b)

The Court's Order to Show Cause expressly cautioned Plaintiff that failure to respond would result in a recommendation that the action be dismissed under Federal Rule of Civil Procedure 41(b). (Dkt. No. 10.) Plaintiff did not respond to the Order. The failure to comply with the CMO and the failure to respond to two Orders to Show Cause reflect a lack of prosecution of the case. See Link v. Wabash R.R., 370 U.S. 626, 629–30 (1962); see also Fed. R. Civ. P. 41(b). Plaintiff's failure to respond also demonstrates a failure to comply with Court orders.

In Carey v. King, 856 F.2d 1439 (9th Cir. 1988), the Ninth Circuit cited the following factors as relevant to the Court's determination of whether to dismiss an action for failure to prosecute: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions." Id. at 1440.

Upon consideration of the five Carey factors, the Court finds that Plaintiff's failure to prosecute this case and to comply with the Court's orders warrant dismissal. The first two Carey factors—the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket—weigh in favor of dismissal. The Court cannot hold this case in abeyance indefinitely awaiting Plaintiff's response to the Court's directive and to file a proof of service of having properly served the summons and

Complaint on the government. Additionally, Plaintiff has not taken any action in this case since August 8, 2022 and has ignored three separate Court orders. The third factor, risk of prejudice to Defendant, also weighs in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor, the public policy favoring disposition of cases on their merits, is greatly outweighed by the factors in favor of dismissal. Finally, Plaintiff has already been cautioned of the consequences of failure to prosecute and ordered to show cause why the action should not be dismissed. No sanction lesser than dismissal is feasible here. Thus, dismissal of this action is warranted under Federal Rule of Civil Procedure 41(b).

IV. **CONCLUSION**

IT IS THEREFORE ORDERED that this action is dismissed pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

Dated: February 21, 2023

THE HONORABLE MARK C. SCARSI
United States District Judge

Presented by:

/s/ Autumn D. Spaeth
THE HONORABLE AUTUMN D. SPAETH
United States Magistrate Judge